43120. MILLER et al. v. KAYLOR, Commissioner.

Deen, Judge. 1. A lake constructed north of the city of Dalton, Ga., resulted in rendering impassable a part of a road known as Haig Mill Road. On an action brought to have the road opened a mandamus absolute was granted against the Commissioners of Whitfield County on November 19, 1963, requiring them to open the road "to the flow of normal traffic as set out in the petition." A motion for new trial was filed and remained pending until January 31, 1967, when it was dismissed. Meanwhile, on December 31, 1966, the county commissioners met and, following the procedure set forth in

*Code Ch.* 95-2 effectively discontinued that portion of Haig Mill Road which was under water. On June 29, 1967, the plaintiffs filed an application for an order adjudging the defendants in contempt of court for failure to comply with the terms of the mandamus absolute, and the court, after hearing the parties, adjudged the defendants not in contempt. The appeal is from this judgment.

2. We agree with the appellants that while the judgment in such a case is superseded pending a motion for new trial, an affirmance on appeal or a dismissal of the appeal renders the judgment final, and a failure to comply therewith is at the peril of the movant. *Smith v. Lott,* 156 Ga. 590 (119 SE 400, 30 ALR 145).

3. However, it was held in *Marietta Chair Co. v. Henderson,* 121 Ga. 399 (6) (49 SE 312, 104 ASR 156, 2 AC 83), that where there was in effect a judgment requiring the removal of an obstruction in a public street, and thereafter, and prior to compliance with the judgment, a new state of facts arose rendering the maintenance of the obstruction lawful and proper, the former decree was no longer binding. In *Odom v. Mc-Dilda,* 155 Ga. 688 (117 SE 649), county commissioners, after rendition against them of a mandamus absolute to open a road, were upon failure to do so cited for contempt, and defended on the ground that a proceeding was then pending to discontinue such road. The trial court held the defendants in contempt and that judgment was affirmed on appeal, but the Supreme Court indicated (Headnote 4) that had the road been discontinued by legal means prior to the contempt adjudication the *Henderson* case might be applicable.

4. "The discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused." *Hayden v. Phinizy,* 67 Ga. 758, 760.

5. From the record before this court it appears that there is now a valid order passed by the county commissioners closing the road in question, and that a decision reversing the judgment of the superior court finding the defendants not in contempt of court would avail the plaintiffs nothing. Such state of facts renders the case moot, and this court has no other alternative than to dismiss the appeal. *Pike v. Stiles,* 170 Ga. 232 (152 SE 256); *McCallum v. McCallum,* 162 Ga. 84 (132 SE 755); *Stark v. Hamilton,* 149 Ga. 44 (99 SE 40).

*Appeal dismissed. Jordan, P. J., and Quillian, J., concur.*

670

Argued October 5, 1967—Decided November 16, 1967.

*Gearinger & Vineyard, H. H. Gearinger,* for appellants.

*McCamy, Minor, Vining & Phillips, John T. Minor, III,* for appellees.