## 45714. NORMAN et al. v. WALKER.

EVANS, Judge. This case arose when the plaintiff, Mrs. Opal C. Griffin, filed her suit for damages against the two defendants Norman and Ball Materials Co., Inc., in the Superior Court of Fulton County. The defendants answered and thereafter filed a third-party complaint against Mrs. Ruth H. Walker as third-party defendant, alleging that the damages to the plaintiff were proximately caused "partially, if not totally," by the defendant Walker, who negligently operated her vehicle through a certain intersection. They alleged further that "the accident" was caused by the negligence of the third-party defendant alone, "but if the defendants and third-party plaintiffs are held responsible for this *accident,* they would be entitled to a contribution" from Walker as a joint tortfeasor, and they should have judgment against Walker for such amount of contribution toward such judgment as they may be entitled to under the law. Norman and Ball, third-party plaintiffs, demanded judgment against the third-party defendant Walker "for contribution toward any judgment rendered against them and in favor of the plaintiff" in the main action. Mrs. Walker, defendant, answered, and the case came on for trial before Judge Osgood Williams and a jury, resulting in a verdict for the plaintiff, Mrs. Griffin, in the sum of $45,000 against the defendants Norman and Ball. The jury also returned a verdict for the third-party defendant, Mrs. Walker, on the third-party complaint. The defendants Ball and Norman then filed a motion for new trial which was later amended as to both the plaintiff, Mrs Griffin, and the third-party defendant, Mrs. Walker. The motion for new trial as amended as to the third-party defendant Walker came on for a hearing, and the same was denied. Thereafter, a consent order was entered whereby the defend-

ants' motion for new trial as amended as to the plaintiff was granted. Immediately thereafter the plaintiff's attorney entered a stipulation of dismissal, authorizing the clerk of the court "to mark said action dismissed of record upon the docket of your court upon the payment of court costs." This stipulation also stated that "nothing herein contained shall act to dismiss the third-party complaint of the defendants and third-party plaintiffs against the third-party defendant, Ruth H. Walker." The appeal here is from the denial of the motion for new trial of the third-party plaintiffs, Ball and Norman, against the third-party defendant Walker. *Held:*

1. Sec. 41 of the CPA (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141 (a)) states that an action may be dismissed by the plaintiff without order of the court, by filing a written notice of dismissal at any time before verdict. The above statute also states: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

2. Sec. 14 CPA (*Code Ann.* § 81A-114) states that: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

3. How stands the third-party complaint upon the granting of a motion for new trial, by consent or otherwise, thus reinstating the case as if no judgment had been rendered against the defendant in favor of plaintiff; and the subsequent dismissal of the action by the plaintiff? This is the situation here, judgment having been returned in favor of the third-party defendant on the third-party complaint. This suit seeks a judgment for contribution only "toward any judgment rendered . . . in favor of the plaintiff." If the appeal is granted and a new trial ordered, can the appellant obtain any relief against this defendant? The answer is in the negative, as the dismissal leaves no case pending in the court below. This appeal is moot. This court will not render an advisory opinion or do a useless act. Somewhat anal-

ogous cases to this one may be found in *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292); and *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. post. Nothing in the Appellate Practice Act of 1965, as amended (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072-1074; *Code Ann.* §§ 6-701; 6-809 (b)) requires this court to pass upon questions that are moot. *Davis House v. Mink,* 115 Ga. App. 264 (154 SE2d 661); *Miller v. Kaylor,* 116 Ga. App. 668 (5) (158 SE2d 260); *Olds v. Hair,* 116 Ga. App. 401 (157 SE2d 559); *Buice v. Clayton County Commissioners,* 215 Ga. 18 (108 SE2d 691); *DeFee v. Williams,* 223 Ga. 803, 804 (158 SE2d 678).

   *Appeal dismissed. Hall, P. J., and Deen, J., concur.*
Argued October 8, 1970—Decided February 15, 1971.

Neely, Freeman & Hawkins, Paul M. Hawkins, Thomas H. Harper, William E. Cetti, *for appellants.*
*Dennis & Fain, Thomas S. Carlock,* for appellee.