## 54525. WOLSKI v. HAYES et al.

SHULMAN, Judge.

Stewart Oil Co. (hereinafter Oil Co.) brought suit against Hayes for breach of contracts to construct service stations. Hayes answered denying the breaches and alleging fraud in inducing him to enter one of the contracts. In a portion of the answer denominated "Counterclaims," Hayes set forth further allegations of fraud, complaining that Oil Co., Stewart (owner of Oil Co.) and Wolski individually and in conspiracy practiced fraud on him in order to induce him to agree to construct one of the service stations for a compensation considerably less than he would have demanded had no fraud been involved. The result of the fraud, Hayes claimed, was a $25,000 cost-overrun, which amount he claimed as actual damages, plus $50,000 punitive damages. The basis of Wolski's liability, according to Hayes, was his execution, in the course of selling the service station site to Oil Co., of an "Owner's Affidavit" in which he swore that the site had been compacted in accordance with Department of Transportation standards.

Although Oil Co. and Stewart responded to the "counterclaims," Wolski did not. After more than 45 days had passed since service of the pleadings on Wolski, a default judgment was entered against him. Wolski filed a motion to set aside the judgment, from the denial of which

this appeal is brought.

The single issue in this case is whether that portion of Hayes' pleading directed toward Wolski's liability is a counterclaim or a third-party complaint. If, as Wolski contends, it is a counterclaim, the judgment below must be reversed. Since no answer is required to a counterclaim, Code Ann. § 81A-112 (a), the case could not go into default as a consequence of Wolski's failure to respond, and no default judgment could be authorized. If, however, the pleading is a third-party complaint, a response was required (Code Ann. § 81A-114 (a)), and a default judgment was proper (Code Ann. § 81A-155 (a)).

Third party practice is controlled by Code Ann. § 81A-114, subsection (a) of which authorizes a defendant to join as a third-party defendant ". . .a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." This court has held many times that a third-party complaint must show that the third-party defendant is secondarily liable to the third-party plaintiff. *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794 (2) (165 SE2d 587); *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236). Quoting from Kooman, Federal Civil Practice, this court held in *Mathews v. McConnell,* 124 Ga. App. 519 (184 SE2d 491): "The absolute requirement of every third-party pro-ceeding is that its purpose must be to impose upon the third-party defendant a liability for part or all of the liability asserted by the original plaintiff against the third-party plaintiff. A third-party action may be maintained only against one who is secondarily liable to the original defendant for part or all of the original plaintiff's claim." Id. p. 521. Secondary liability is defined as "a liability which does not attach until or except upon the fulfillment of certain conditions; . . ." Black's Law Dictionary, Revised, 4th Ed., 1968. In the context of third-party practice, the certain condition clearly means the third-party plaintiff's liability to the original plaintiff. "There must be an attempt to *pass on* to the third-party all or part of the liability asserted against the defendant. . ." *Mathews v. McConnell,* supra, p. 521. (Emphasis supplied.)

The inquiry in the present case narrows, then, to

whether Hayes' pleading constitutes a valid attempt to pass on to Wolski the liability asserted against Hayes.

The original complaint in the case alleged a contract, breach of that contract, and damages consequent to that breach. Hayes' answer denied the breach, and set up a defense of fraud. That portion of the "counter-claims" directed to Wolski alone alleged the contract, representations by Oil Co. and Stewart as to site preparation, the falseness of those representations, Wolski's execution of an affidavit containing the same representations made by Oil Co. and Stewart, the falseness of Wolski's statement and Wolski's knowledge of its falseness, communication to Hayes of the affidavit in order to induce him to enter the contract, Wolski's knowledge that his statement would be so used, Hayes' reliance on the misrepresentations and his entering into the contract for a consideration less than he would have demanded absent the fraud, and $25,000 cost-overrun solely as a result of the fraudulent deception.

Although it appears that the operant facts of this case arguably *could* have been framed in a pleading cognizable as a third-party complaint, we hold that that was not done here. The liability Hayes seeks to impose on Wolski is not connected, in Hayes' pleading, with Hayes' potential liability to Oil Co. He is attempting to hold Wolski directly liable in actual and punitive damages for fraud by which he alleges he was induced to enter a contract which because of Wolski's misrepresentations cost him more to complete than he had expected. A clear indicator that the liability Hayes seeks to impose is direct rather than secondary is the fact that Hayes' recovery against Wolski in no wise depends on Oil Co.'s recovery against Hayes. As the pleadings stand, if Hayes could successfully defend against the main action on his fraud defense it would be possible for him to recover from Wolski for the same fraud. While that result may be proper in a counterclaim context, it is impermissible in third-party practice. "Third-party pleading does not allow a defendant to implead a third-party defendant to recover on a claim on which the third-party defendant is alleged to be directly liable to the defendant. The defendant may only implead one 'who is or may be liable to him for all or

part of the plaintiff's claim against him.' [Cits.]" *Southern R. Co. v. Ins. Co. of North America,* 228 Ga. 23 (5b) (183 SE2d 912).

We are not, by this holding, elevating form over substance or requiring the use in pleading of talismanic incantations. We are merely requiring that which is the essence of notice pleading, putting a person on notice of potential liability and the basis thereof. A concomitant of receipt of such notice is a responsibility to respond at the appropriate time and place with defenses to the liability asserted. Hayes' pleading, as framed, may have been effective as a counterclaim had he complied with Code Ann. § 81A-113 (h) and obtained an order joining Wolski as a party whose presence is ". . . required for the granting of complete relief in the determination of a counterclaim . . ." Id., assuming, but not deciding, that such an order would be proper. Wolski would then have been on notice that he had been made a party to a suit and that he had until trial or the hearing on a motion or the filing of some discovery device to formulate his response. Alternatively, had the pleadings notified Wolski that Hayes was seeking to pass on liability asserted against him by Oil Co., Wolski would have been on notice that he was required to answer. The "counterclaims" in Hayes' pleading did not serve that purpose and cannot be construed as a third-party complaint. It must follow, then, that Wolski was not in default, the entry of default judgment was improper, and the denial of Wolski's motion to set aside was error.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 16, 1977 — DECIDED OCTOBER 11, 1977 —
REHEARING DENIED DECEMBER 1, 1977 —

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Roderick C. Dennehy, Jr., Matthew H. Patton,* for appellant.

*W. Seaborn Ashley, Jr., Alan M. Alexander, Jr.,* for appellees.