## 54958. DIAZ v. FIRST NATIONAL BANK OF TUCKER.

Deen, Presiding Judge.

The appellee bank sued Julian Diaz, Jr., Inc. on a promissory note. The action was served on its president, Julian Diaz, Jr., on May 24, 1976. The corporation filed an answer. The following year plaintiff moved to have Diaz, Jr., added as a party defendant, and the judge of the State Court of DeKalb County granted the motion on April 22, 1977, and ordered "that service of plaintiff's first amendment to complaint be perfected upon defendant Julian Diaz, Jr." There is a return of service dated April 28, 1977, as to both the individual and the corporate defendant, presumably of the amendment, which added three counts all of which sought to charge Diaz individually with the balance owing on the note. Diaz moved for summary judgment on the ground that the guaranty clause under which plaintiff sought to hold him liable was signed in his official corporate capacity, and not as an individual, and that parol evidence would be inadmissible to vary this obligation. The trial judge set the motion for hearing on September 23, 1977; however, prior to that date, and without further notice or hearing, he entered a default judgment against Diaz on August 19. From the disposition of the case the defendant appeals. *Held:*

1. Code § 81A-104 (a) provides that "upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service." The summons shall be signed by the clerk and meet the other requirements of § 81A-104 (b). There is a return of service by a deputy marshal dated April 28, 1977, as to both Diaz, Jr. and the corporation reciting that each was served with "a copy of the within action and summons" but no summons appears in the record under this date, although the original summons served with the petition on the corporation on May 25, 1976, does appear, and the notice of appeal specifies that nothing be omitted.

The appellant contends he was not served and the appellee agrees that the service by the marshal was a service of the first amendment to complaint. We must

therefore assume that no summons signed by the clerk issued to Diaz, Jr. and that the "copy summons" served on the individual defendant was merely a printed copy form specified by § 81A-104 (d). The State Court of DeKalb County is procedurally controlled by the Civil Practice Act. *Fain v. Hutto,* 236 Ga. 915 (1) (225 SE2d 893). The issuance of a summons signed by the clerk is a necessary part of acquisition of jurisdiction. *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267). Service on the proposed defendant of an amendment to the petition cannot be considered service of the complaint where no summons issues. This, then, was insufficient to constitute a date from which to measure a thirty-day period for Diaz to file an answer or become in default. Under Code § 81A-155 a default judgment may be entered only when "an answer has not been filed within the time required by this Title" and only in such case will the plaintiff be entitled to verdict and judgment by default. The parties agree that this proposed defendant was served only with the amendment to the complaint, and the record shows that no summons issued, from which it follows that a failure to file an answer did not automatically throw Diaz into default.

2. On the other hand, the appellant became a party to the action by virtue of the order of court dated April 22, 1977, wherein the judge found him to be a necessary and proper party whose presence was needed for a just adjudication. The order specified that a copy of the amendment to the complaint be served upon him, which was done. "Parties may be dropped or added by order of the court on motion of any party." Code § 81A-121. This order, however, did not require an answer, and the Code (§ 81A-112 (a)) requires an answer only to a complaint or a third-party complaint, not to an amendment. As stated in *Wolski v. Hayes,* 144 Ga. App. 180, one who has been made a party to a suit, as a party whose presence is required for the granting of complete relief, and who is put on notice that he has been made a party has "until trial or the hearing on a motion or the filing of some discovery device to formulate his response." The pleading there at issue was a counterclaim; here it is an amendment to a complaint. The court could have ordered Diaz to respond

had it so chosen but it failed to do so, and Diaz could not be held in default insofar as the order is concerned and no default judgment could be entered against him based thereon.

3. It may also be argued that Diaz, who in fact did file a motion for summary judgment contending that judgment in his favor was demanded as a matter of law, thereby made a general appearance and waived any defects in service of process. Since, however, the motion contained all the elements of the defense, in that it denied all liability under the note and stated the reason therefor, we decline to give it efficacy as an appearance and deny it the same treatment as a reply to the assertions of the amendment. The court, having set a September date for hearing the appellant's motion for summary judgment, should not thereafter and without notice have entered a default judgment against him in August. This case differs from *Jesup Carpet Factory Outlet v. Ken Carpets,* 142 Ga. App. 301, in that in that case there was a substitution of parties under Code § 81A-115 (c) accomplished by means of a consent judgment, and it was held that the new defendant could not have the benefit of an answer filed by the former defendant.

It has been held, as to the action of a plaintiff against a defendant, that service of a rule nisi may take the place of service of summons. *Chancey v. Hancock,* 233 Ga. 734 (213 SE2d 633). We mention this only to show that a rule nisi may in fact suffuse life into an otherwise imperfect proceeding. If this defendant had in fact been in default, the default must have occurred some months before the rule nisi was signed. The court having on August 1st set a date for the hearing of the defendant's motion for summary judgment should not, between that date and the date set for adjudication have entered up a default judgment against him.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 24, 1978.

*Fortson, Bentley & Griffin, Edwin B. Fortson, Gene M. Winburn,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Mote,* for appellee.