### 67324. ADAMS et al. v. FIRST NATIONAL BANK OF COLUMBUS et al.

McMurray, Chief Judge.

Sometime in December 1982 The First National Bank of Columbus, Georgia, published an announcement of its 22% insured money management account that beginning Tuesday, December 14, it would pay a guaranteed annual rate of 22% through January 13, 1983, with a minimum deposit of $2,500 and up to $100,000, fully insured by the FDIC. Whereupon, on December 14, 1982, R. C. Adams placed with the bank a cashier's check in the amount of $250,000 to open a money market deposit account. The bank received the check and issued a receipt and Adams signed various written documents including an account identification card with an account number thereon and received certain blank checks bearing said account number. However, on December 15, the bank returned unnegotiated the cashier's check with a letter stating the bank was declining to accept the deposit.

On January 11, 1983, R. C. Adams, as plaintiff, individually and

on behalf of all others similarly situated, brought an action in two counts, against The First National Bank of Columbus, Georgia, with reference to the refusal and return of the cashier's check contending he had entered into a contract by which the defendant agreed to pay interest of 22% on the principal sum of $250,000 for a period of 30 days. In Count 1 he sought the interest he would have earned on the account and also attorney fees and other expenses due to the extreme bad faith of the defendant in breaching the contract. In Count 2 he contends he relied on the advertised offer and that defendant's actions in returning the check and refusal to allow the account constituted fraud and deceit and he sought actual and exemplary damages, as well as attorney fees and expenses. He further sought to have the action classified as a class action on behalf of all other persons similarly situated, contending therein that there was a minimum of 27 persons other than the plaintiff whose deposits with the defendant in the new money management account were returned and that the action he sought to have enforced is common to all the members of the class.

In response the defendant filed a notice of its motion to add additional defendants in counterclaim, as well as its defensive pleadings and counterclaim. In substance it denied the claim, contending that the advertisement shown above was merely an invitation to others to make an offer with reference to the opening of money market deposit accounts and no such contract had ever been entered by and between the plaintiff and the defendant, denying that it opened such a money market account in the name of the plaintiff.

The counterclaim contends there was a conspiracy by and between the plaintiff and others named therein as defendants in counterclaim to fraudulently open money market accounts with defendant under circumstances other than those stated and intended through promotional and advertising literature seeking to have the defendants in counterclaim added as such defendants praying actual and punitive damages against these additional defendants.

The motion of the defendant to add additional defendants in counterclaim came on for hearing, and the court granted the motion to add the additional defendants in counterclaim, the clerk of the court being directed to issue civil process to be served upon said additional defendants, same being ordered and filed on March 2, 1983. On that same date an acknowledgement of service was filed by a number of the named individuals as defendants in counterclaim by their counsel, the acknowledgment stating receipt of a copy of the order adding the above named individuals as party defendants in the counterclaim; the summons; the defensive pleadings in counterclaim of the defendant and the copy of the original complaint and summons. One of such defendants in counterclaim was served as a non-resident in

the State of Alabama. All summonses issued by the clerk required an answer within 30 days after service, and stated that upon failure to do so, a default will be taken against you for the relief demanded in the counterclaim. All of these defendants in counterclaim, except four, moved for an order dismissing the defendant's counterclaim for failure to state a claim upon which relief could be granted. Several of the defendants in counterclaim responded by filing an answer thereto but a number of them did not.

On March 15, 1983, thereafter the motion of said defendants in counterclaim to dismiss for failure to state a claim for which relief may be granted was denied. Thereafter, in an order dated May 3, 1983, and filed May 3, 1983, the trial court granted a default judgment with respect to the question of liability against all of the defendants in counterclaim who had failed to answer, jointly and severally, with only the issue of damages owed to the plaintiff in counterclaim to be determined at a later time. This order recited that no defensive pleadings had been filed. These defendants in counterclaim then moved to set aside the default judgment which was denied but with a certificate of immediate review granted.

Defendants then applied for interlocutory appeal which was granted by this court, and the appeal is now before us. Error is enumerated in the finding by the trial court that the defendants in counterclaim were in default and in entering default judgment against them and in denying defendants' motion to set aside the default judgment in that the order making them parties defendant in counterclaim did not constitute an order requiring an answer as set forth in OCGA § 9-11-12 (a). Error is likewise enumerated that the court erred in granting a default judgment when they were not given notice of a hearing prior to the entry of default judgment. *Held*:

Our examination of the order naming these defendants as defendants in counterclaim merely directs the clerk of court to issue civil process to be served upon said additional defendants in counterclaim. However, civil process was waived by the acknowledgement of service but the clerk did issue summonses requiring an answer within 30 days of service or be held in default as to the counterclaim.

The defendant (First National Bank) contends the trial court's order to the clerk of the court to issue civil process to the additional defendants in counterclaim was implicitly a requirement to answer same in 30 days as required by law under the provisions of OCGA § 9-11-12 (a). These defendants in counterclaim, however, contend that no answer is required under OCGA § 9-11-12 (a) "unless one is required by order of the court, and [the counterclaim] shall automatically stand denied." This statute requires the defendant shall serve his answer within 30 days after the service of the summons and complaint against him unless otherwise provided by statute. These defen-

dants were to be served with a civil process but the order did not expressly require an answer. The case of *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720), a case somewhat similar on its facts, is controlling here. In that case the defendant set forth further allegations of fraud complaining of a conspiracy by and between the plaintiff and others who were made defendants in counterclaim. As in the case sub judice, the clerk's process and summons in *Wolski v. Hayes*, supra, required an answer to the counterclaim in 30 days or be found in default. One of the defendants in counterclaim failed to answer. After a default judgment was entered against him and his motion to set aside the judgment was denied he appealed. This court held he was not in default and the entry of default judgment was improper, hence the denial of his motion to set aside was error. The circumstances being exactly the same here the trial court erred in denying the defendants in counterclaim motion to set aside the entry of default judgment.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

Decided March 13, 1984 —
Rehearing denied March 27, 1984 — 

*Joseph R. Manning, Richard P. Reinhart, Thomas T. Tate*, for appellants.

*H. Norwood Pearce, Jerry A. Buchanan, J. Phillip Day, Madden Hatcher, Jr.*, for appellees.