A91A0049. CHAN v. W-EAST TRADING CORPORATION.
(403 SE2d 840)

BIRDSONG, Presiding Judge.

This court granted appellant's application for discretionary appeal on the issue of whether appellant, as an additional party defendant, is required to answer plaintiff's second amended complaint when the consent order adding the appellant as an additional party defendant did not require applicant to file an answer.

Appellee W-East Trading Corporation brought a suit on account against Chanese, Inc. d/b/a Chan & Chan Market. Appellant Herbert C. Chan was the president of the corporation at all times relevant to this action. During the course of the relatively stormy litigation, appellee filed a motion for sanctions and a motion to add appellant as a party defendant to the litigation. Subsequently, a consent order on motion for sanctions and motion to add party defendant was issued by the trial court which ordered inter alia that appellant be *added* as a party defendant to the litigation, that appellee is "allowed" to file a second amended complaint, and that appellant's counsel acknowledge service of the second amended complaint on behalf of appellant. The consent order did *not* contain any express order requiring appellant to answer the second amended complaint. Appellant did not answer the complaint, and the trial court subsequently entered default judgment against him on the grounds appellant "filed no defensive pleadings in this matter, and that he is in default, pursuant to OCGA § 9-11-55 (a)." Appellant subsequently filed a motion by new counsel to set aside default judgment, which was denied. *Held*:

1. This court cannot condone dilatory conduct during the course of litigation; nevertheless, appellant is entitled to a fair adjudication of the issue before us on appeal.

2. Appellant importunes us to address the asserted conflict he perceives arising between OCGA § 9-11-12 (a) and OCGA § 9-11-15 (a), regarding the time period an additional party would have to file an answer if a trial court orders such answer. This court does not render advisory opinions. *Norman v. Walker*, 123 Ga. App. 413 (3) (181 SE2d 310).

3. Appellee has erroneously attempted by means of an appendix to its appellate brief to introduce a certain document, purporting to be appellee's brief in *Gordy v. Sumner*, 151 Ga. App. 430 (260 SE2d 384) for our consideration. "[A] brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record." *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33). Moreover, notwithstanding their paucity, it is the facts contained within an officially reported case which have legal significance when applying the case as precedent, not bare assertions of facts found within the briefs of the parties and not contained in the text of the reported case.

4. Appellee asserts that appellant Chan "was served with a new complaint as to him," and in essence argues that although stylized as an "amended complaint" as to appellant the pleading in effect was an original "complaint" therefore requiring an answer. There is no magic in the nomenclature of a pleading; it is to be construed to serve the best interests of justice, judging the pleading by its function and substance rather than its name. *Gully v. Glover*, 190 Ga. App. 238 (1)

(378 SE2d 411). Applying this test to the pleading in question, construing the consent order and the second amended complaint on their four corners and in pari materia, and recognizing a proper pleading vehicle for *adding* an additional party defendant is by way of an "amended complaint" (see *Horne v. Carswell*, 167 Ga. App. 229 (306 SE2d 94); *Pascoe Steel Corp. v. Turner County Bd. of Ed.*, 139 Ga. App. 87, 89 (2) (227 SE2d 887); see generally Davis & Shulman, Ga. Prac. & Proc. (5th ed.), § 13-3), we find the "Second Amended Complaint," which gave effect to the provision in the consent order *adding* appellant Chan as a party defendant, serves the exact function as captioned. It is not an "original complaint" either in form or substance.

Further, appellee's reliance on *Jesup Carpet &c. v. Ken Carpets &c.*, 142 Ga. App. 301 (235 SE2d 684) is misplaced. *Jesup*, supra, is distinguishable on its facts. Compare *Diaz v. First Nat. Bank &c.*, 144 Ga. App. 582 (3) (241 SE2d 467). In *Jesup* there was a *substitution* of the defendant accomplished by means of a consent judgment, and the substituted defendant could not rely on the original defendant's answer; in this case there was an *addition* of a party defendant by way of a second amended complaint following entry of a consent order announcing such addition and authorizing filing of the amended pleading. The consent order could have been crafted to fit within the circumscriptions of *Jesup* but this was not done. Appellee cannot complain of a procedural deficiency which his own participation helped bring about. Cf. *West v. Nodvin*, 196 Ga. App. 825, 829 (3) (e) (397 SE2d 567).

*Teamsters Local 515 v. Roadbuilders &c.*, 249 Ga. 418 (291 SE2d 698) also is distinguishable, as defendants, unlike in the case sub judice, did not file an answer to the original complaint which sought injunctive relief but was amended subsequently to claim money damages. Moreover, the dicta in *Teamsters*, supra at 420, "that judgment by default is necessary and proper where a defendant ignores a court's summons or order commanding the defendant to respond to a complaint" pertains to *original* complaints and does not on its face purport to be dispositive in instances involving *amended* complaints, the rules pertaining to which hereinafter will be discussed.

5. Appellant asserts that in pari materia *Adams v. First Nat. Bank &c.*, 170 Ga. App. 490 (317 SE2d 301); *Gordy*, supra; *Diaz*, supra, and *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720), hold: "An added party defendant, once having been properly added by order of court and properly served with summons and complaint, whether added as a defendant in counterclaim under OCGA § 9-11-13 (h) or as an additional party defendant under OCGA § 9-11-21, has until the time of trial, or the hearing on a motion, or the filing of some discovery device to formulate a response unless the trial court

orders the added party defendant to file an answer, and that the summons issued by clerk of court under OCGA § 9-11-4 is not an order of court [for the purpose of] requiring the added party defendant to answer." We agree.

In this regard, OCGA § 9-11-4 (a) states that upon filing the complaint the "clerk" shall forthwith issue a summons. OCGA § 9-11-4 (b) prescribes the form of the summons to include inter alia it "state the time *within which this chapter requires* the defendant to appear and file appropriate defensive pleadings . . . and shall notify the defendant that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint." (Emphasis supplied.) Thus, the statutory authority vested, by this Code section, in the clerk when issuing summons regarding the filing of responsive pleadings is that of stating the time in the body of the summons within which Chapter 11 of Title 9, OCGA requires a particular defendant to appear and file appropriate defensive pleadings; and, where "otherwise provided by statute" a defendant need not answer within 30 days after service of summons and complaint upon him. OCGA § 9-11-12 (a).

Construing the pertinent provisions of OCGA §§ 9-11-7; 9-11-8; 9-11-12; 9-11-15, and 9-11-21 in pari materia, it is clear that the Civil Practice Act authorizes the *addition* of parties, by order of the court, and that an "amended complaint" effecting such an addition does not require a responsive pleading, unless the trial court orders a reply thereto. Considering this court's holding in *Adams, Diaz, Gordy* and *Wolski*, the above cited statutes, including the general provision of OCGA § 9-11-7 (a) that no other pleadings shall be allowed (other than those therein listed) except upon order of the trial court, and the holding in *Grand Lodge &c. v. City of Thomasville*, 226 Ga. 4, 6 (4) (172 SE2d 612) that no responsive pleadings are required to an amendment, we conclude appellant was not required to file an answer to the second amended complaint at the time he was found to be in default, as the *trial court* itself, had not *affirmatively* ordered such answer. See generally Ga. Prac. & Proc., supra at § 10-14.

OCGA § 9-11-55 (a), pursuant to which appellant was found in default, pertinently provides "[i]f in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default. . . ." As appellant was not required by statute nor affirmatively ordered by the trial court to answer the amended complaint, "it follows that [he] was never in default" and default judgment was void. *Gordy*, supra at 430; see *Adams*, supra at 493; *Wolski*, supra at 183; *Diaz*, supra at 583-584.

Appellee tacitly asserts that it would be fundamentally unfair to construe the pleadings in this case as other than a new complaint requiring an answer, as a "newly added party may have defenses to a

complaint that are entirely different from those of the original defendant, and, the newly added party should be required to reveal those defenses." However, it is well-established that "[a]verments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." OCGA § 9-11-8 (d); *Grand Lodge*, supra at 9. If the interest of justice demands that answer be given, a party's remedy is to make timely request of the trial judge to affirmatively order an answer to the amended complaint. See OCGA §§ 9-11-7 (a); 9-11-12 (a); 9-11-15 (a) and (d); 9-11-21, and 15-1-13 (4) and (6).

Appellee's other arguments also lack suasiveness.

*Judgment reversed. Pope and Cooper, JJ., concur.*

## ON MOTION FOR REHEARING.

Appellee W-East Trading Corporation has filed a motion for rehearing. We find the argument therein as being unpersuasive. Further *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653 (402 SE2d 753) (1991) is not controlling. In *Chrysler* no appellate decision was rendered regarding the issue of whether an answer was required to be filed in response to the amended complaint. "There was no principle of law laid down as a result of [our decision in *Chrysler*] which would dictate a given result in the [case sub judice]." See *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684, 686 (333 SE2d 835). Nor will an appellate court cull a particular record on behalf of one of the adversary parties in search of instances of error not adequately raised through proper appellate procedure. See generally *Benefield v. Benefield*, 224 Ga. 208, 209 (5) (160 SE2d 895); *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (386 SE2d 709).

*Motion for rehearing denied.*

DECIDED FEBRUARY 25, 1991 —
REHEARINGS DENIED MARCH 7, 1991 AND MARCH 14, 1991 —

*Salem & Wong, Alvin T. Wong*, for appellant.
*Freed & Freed, Gary S. Freed, Ross J. Adams*, for appellee.

