A96A0650. HAMELBERG v. NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES.
(471 SE2d 283)

SMITH, Judge.

Linda Hamelberg appeals the denial of her motion for default judgment against the National Association of Government Employees (NAGE).

Hamelberg initially filed a complaint against Jonathen Oden and the International Brotherhood of Police Officers (IBPO) alleging that she was sexually exploited by Oden and that Oden was employed by IBPO. After both Oden and IBPO answered and denied that Oden was employed by IBPO, Hamelberg filed a motion to add NAGE, Oden's employer, as a defendant. Without ordering that NAGE answer the complaint, the trial court granted Hamelberg's motion. An amended complaint naming NAGE as a defendant was filed and served on NAGE on November 15, 1994. Second and third amended complaints were also filed. Hamelberg filed the third amended complaint on February 13, 1995 and a motion for default judgment on March 15, alleging that no defensive pleadings had been filed by NAGE.[1] The trial court denied the motion for entry of default judgment; it concluded, among other things, that a motion to dismiss filed by NAGE was an adequate responsive pleading precluding default.

We do not reach the issue of whether the motion to dismiss constituted an appropriate responsive pleading, nor do we reach any of the other conclusions of the trial court, because no answer was neces-

---

[1] NAGE filed a response to the motion as well as an answer on April 21, 1995. The response simply recited that an answer to the third amended complaint was being filed subsequently therewith.

sary. The order allowing Hamelberg to add NAGE as a party defendant did not require an answer, and OCGA § 9-11-7 (a) does not require an answer to an amended complaint; answers need be filed only to complaints or third-party complaints. Consequently, NAGE was never in default, and it was not error for the trial court to deny Hamelberg's motion for entry of default judgment. *Gordy v. Sumner*, 151 Ga. App. 430 (260 SE2d 384) (1979). See also *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 77-78 (4) (403 SE2d 840) (1991); *Diaz v. First Nat. Bank &c.*, 144 Ga. App. 582, 583 (2) (241 SE2d 467) (1978).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MAY 8, 1996.

*David L. Whitman*, for appellant.
*James C. Brown*, for appellee.