A98A0619. RANDOM ACCESS, INC. v. ATLANTA DATACOM, INC.
(501 SE2d 610)

BLACKBURN, Judge.

On October 11, 1996, Random Access, Inc. was added as a defendant to a lawsuit brought by Atlanta Datacom, Inc. (AdCom) to collect payments for certain telecommunications equipment.[1] In its order adding Random Access, the trial court did not require Random Access to file an answer. AdCom's second amended complaint, naming Random Access as a party, was filed ten days later, on October 21, 1996. Although Random Access acknowledged service of the complaint on November 12, 1996, it did not file an answer. However, it did participate in a consolidated pretrial order which included all of the defendants' outline of the case and contentions, was signed by the judge on January 21, 1997, and was entered in the docket on January 22, 1997. On January 21, 1997, prior to the beginning of trial, AdCom moved for a default judgment against Random Access based on the fact that it never filed an answer to the amended complaint. The trial court granted AdCom's motion, finding that a default judgment should be entered against Random Access with regard to the issue of

---

[1] The other parties to the lawsuit were Random Communications, Inc. and Gary Random, individually and in his capacity as President of Random Communications, Inc. Random Communications and Random Access are closely related, one being the holding company for the other, but legally separate corporate entities.

liability, but the issue of damages was left for trial. Following a bench trial on January 21, 1997, the trial court granted a directed verdict in favor of the remaining defendants, and it also granted a directed verdict against Random Access, finding that it was liable to AdCom for damages in the amount of $242,535.57. On February 5, 1997, Random Access filed a motion to set aside the default judgment entered against it, and the trial court denied this motion. It is this decision which Random Access now appeals.

Random Access argues that, because it was not required by the trial court in the order adding it as a defendant to answer AdCom's amended complaint, it was not in default. We agree. "Construing the pertinent provisions of OCGA §§ 9-11-7; 9-11-8; 9-11-12; 9-11-15; and 9-11-21 in pari materia, it is clear that the Civil Practice Act authorizes the *addition* of parties, by order of the court, and that an 'amended complaint' effecting such an addition does not require a responsive pleading, unless the trial court orders a reply thereto. Considering this court's holding in *Adams [v. First Nat. Bank &c.,* 170 Ga. App. 490 (317 SE2d 301) (1984)], *Diaz [v. First Nat. Bank &c.,* 144 Ga. App. 582 (3) (241 SE2d 467) (1978)], *Gordy [v. Sumner,* 151 Ga. App. 430 (260 SE2d 384) (1979)], and *Wolski [v. Hayes,* 144 Ga. App. 180 (240 SE2d 720) (1977)], the above cited statutes, including the general provision of OCGA § 9-11-7 (a) that no other pleadings shall be allowed (other than those therein listed) except upon order of the trial court, and the holding in *Grand Lodge &c. v. City of Thomasville,* 226 Ga. 4, 6 (4) (172 SE2d 612) that no responsive pleadings are required to an amendment, we conclude appellant was not required to file an answer to the second amended complaint at the time [appellant] was found to be in default, as the *trial court* itself, had not *affirmatively* ordered such answer." *Chan v. W-East Trading Corp.,* 199 Ga. App. 76, 79 (5) (403 SE2d 840) (1991).

AdCom argues, however, that Random Access was required to file an answer after being added to this case as a party defendant. Specifically, AdCom, relying on *Chan,* contends that "[a]n added party defendant, once having been properly added by order of court and properly served with summons and complaint, whether added as a defendant in counterclaim under OCGA § 9-11-13 (h) or as an additional party defendant under OCGA § 9-11-21, has until the time of trial, or the hearing on a motion, or the filing of some discovery device to formulate a *response* unless the trial court orders the added party defendant to file an answer." (Punctuation omitted; emphasis supplied.) Id. at 78-79. *Chan* does not mandate that an answer be filed unless one is specifically required by the order of the court adding a party. *Chan* points out those instances in which a defendant must respond to discovery or trial calendars, even where no answer is ordered to the amended complaint, or suffer adverse consequences.

For example, a defendant properly served with requests for admission must appropriately respond thereto, or such requests will be deemed admitted in the absence of a response. Likewise, a defendant must show up to defend itself at trial or at a motion hearing or suffer the consequences. No default judgment is authorized merely by the failure to file an answer to an amended complaint where no answer has been ordered by the trial court. There is no other basis for the entry of a default judgment in this matter.

Accordingly, "[w]e [need] not reach the issue of whether the [consolidated pretrial order] constituted an appropriate responsive pleading, nor do we reach any of the other conclusions of the trial court, because no answer was necessary. The order allowing [AdCom] to add [Random Access] as a party defendant did not require an answer, and OCGA § 9-11-7 (a) does not require an answer to an amended complaint; answers need be filed only to complaints or third-party complaints. Consequently, [Random Access] was never in default, and it was . . . error for the trial court to [grant Adcom's] motion for entry of default judgment." *Hamelberg v. Nat. Assn. of Govt. Employees*, 221 Ga. App. 337, 338 (471 SE2d 283) (1996).

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 15, 1998.

*Brett W. Ladd*, for appellant.
*Greer, Klosik & Daugherty, Jeffrey F. Leasendale, Kilpatrick Stockton, Mara McRae, Frank W. Hamilton*, for appellee.

