**FOURTH DIVISION**
**RAY, J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 23, 2016**

# In the Court of Appeals of Georgia

A15A1769. MOORE-WATERS et al. v. MET-TEST, LLC.

RAY, Judge.

Sondi Moore-Waters, Alphonso Waters, and Family Practice of Atlanta Medical Group, LLC (collectively the "Appellants") appeal from the trial court's grant of Met-Test, LLC's motion for default judgment against them. On appeal, the Appellants contend that the trial court erred because they were not legally obligated to answer an amended complaint. For the reasons that follow, we reverse the grant of the default judgment.

We review an appeal from a trial court's ruling on a motion for default judgment for abuse of discretion. *Heath v Beech*, 300 Ga. App. 756, 756 (1) (686 SE2d 283) (2009).

Although the record of the case's procedural history is incomplete and somewhat unclear, it appears that Met-Test initially filed suit in magistrate court only against Sondi Moore-Waters, a physician.[1] The suit was dismissed by the magistrate court. Met-Test appealed to the superior court and moved to add as defendants Moore-Waters's husband and medical practice manager, Alphonso Waters, and Family Practice of Atlanta Medical Group, LLC. The trial court granted that motion. On October 24, 2014, Met-Test filed an amended complaint against all three Appellants.[2] When the Appellants failed to answer, Met-Test moved for a default judgment on December 30, 2014, which the trial court granted. See OCGA § 9-11-55 (a). Met-Test had alleged that the Appellants failed to pay for medical testing services and equipment that it supplied. The default judgment awarded $14,900.00 in damages, attorney fees of $4,316.50, plus post-judgment interest.

OCGA § 9-11-15 (a), on its face, only requires an answer to an amended complaint when ordered by the trial court, providing that "[a] party *may plead or*

---

[1] The record before us does not contain an answer from Moore-Waters to the initial suit, although there is some indication that one may have been filed. However, as this is not an issue raised on appeal, we will not further address it here.

[2] There is no dispute that each Appellant was served with the amended complaint.

*move* in response to an amended pleading and, *when required by an order of the court, shall plead within 15 days after service of the amended pleading*, unless the court otherwise orders." (Emphasis supplied.) Met-Test argues that to the extent that OCGA § 9-11-15 (a) does not require a response to an amended complaint, this provision would apply only to the original defendant, Sondi Moore-Waters, and not to Alphonso Waters or Family Practice of Atlanta Medical Group because the amended pleading was, to them, in essence an original complaint requiring an answer. However, this Court has held that where the trial court, in granting the motion to add defendants, does not require the later-added parties to file an answer, they need not do so. *Random Access, Inc. v. Atlanta Datacom, Inc.*, 232 Ga. App. 269, 270 (501 SE2d 610) (1998). The trial court in the instant case did not require Alphonso Waters or Family Practice of Atlanta Medical Group to file an answer. See *Gordy v. Sumner*, 151 Ga. App. 430, 430 (260 SE2d 384) (1979); *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 77-78 (4), 79-80 (5) (403 SE2d 840) (1991) (finding that a defendant who was not required by statute nor affirmatively ordered by the trial court to answer an amended complaint which added him as a party was not in default); *Random Access*, supra (finding that "*Chan* does not mandate that an answer be filed unless one is specifically required by order of the court adding a party"). Further, "[a]verments

3

in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." OCGA § 9-11-8 (d). Accord *Grand Lodge of Ga., Independent Order of Odd Fellows v. City of Thomasville*, 226 Ga. 4, 9-10 (4) (172 SE2d 612) (1970) (no responsive pleading to an amended complaint is required, and averments in a pleading to which no responsive pleading is required are deemed denied).[3]

While we will never condone dilatory conduct by a defendant, it remains true that "[i]f the interest of justice demands that answer be given, a party's remedy is to make timely request of the trial judge to affirmatively order an answer to the amended complaint." *Chan*, supra at 80 (5), citing OCGA §§ 9-11-7 (a), 9-11-12 (a), 9-11-15 (a) and (d), 9-11-21, and 15-1-3 (4) and (6).

---

[3] We acknowledge that Met-Test has put forth a solid argument that Alphonso Waters and Family Practice of Atlanta Medical Group should have to answer the amended complaint since it was the first pleading ever served on them and since OCGA § 9-11-8 generally requires that a defendant file an answer to a complaint. We also note that OCGA § 9-11-12(a) requires a defendant to serve its answer within thirty days after the service of the summons and complaint, unless otherwise provided by statute. Yet, our precedent provides that no answer is needed by a newly added defendant unless the trial court so orders. Met-Test has not invited us to overrule such precedent, and we decline to do so sua sponte, especially given that Alphonso Waters and Family Practice of Atlanta Medical Group may have relied on such precedent in not filing an answer.

Because Appellants were not required to file an answer to the amended complaint, "it follows that [they were] never in default and [the] default judgment was void." (Citations and punctuation omitted.) *Chan*, supra at 79 (5).

*Judgment reversed. McMillian, and Mercier, JJ., concur*.