**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 6, 2023**

# In the Court of Appeals of Georgia

A23A0613. OM SHIV 2007, LLC v. VARSHA 6-1-73, LLC.

PIPKIN, Judge.

In this dispossessory action, Appellant landlord OM SHIV 2007, LLC, appeals the trial court's ruling denying its motion for an amended order requesting a default judgment against Appellee tenant Varsha 6-1-73, LLC. For the reasons discussed below, we affirm.

Appellant initiated this dispossessory action on January 21, 2022, and named Varsha Patel as the defendant tenant of the property in question. After some procedural mishaps, Appellant filed a first amended affidavit for dispossessory on April 20, 2022, and served the affidavit and summons on Patel. Patel timely filed her answer and defenses, and also filed a motion to dismiss for failure to join the leasee – Appellee – as a necessary party to the action. The trial court held a hearing on the

motion to dismiss and then, sua sponte, added Appellee to the action as a party defendant. Relevant to the issue at hand, the trial court stated in its order the following: "It is further ordered that [Appellee] shall file any answer or responsive pleading to this action within seven (7) days of service of the Summons or Acknowledgment of Service."

Thereafter, Appellant filed a second amended affidavit for dispossessory, adding Appellee as a party defendant. Appellee acknowledged service of the affidavit and summons on June 7, 2022, but did not file an answer to the amended pleading. Ten days later, a bench trial was held on the merits of the dispossessory action. During closing arguments, Appellant argued, for the first time, that it was entitled to a default judgement based upon Appellee's failure to file an answer to Appellant's second amended affidavit. On August 11, 2022, the trial court entered an order on the merits ruling in Appellee's favor; the order did not, however, address Appellant's claim to a default judgment. Appellant timely filed a "Motion to Amend and for New Trial" requesting, in part, that the trial court amend its August 11, 2022 order and conclude that Appellee "never filed an answer to controvert [Appellant's] claim for possession" and issue an immediate writ of possession. The trial court denied the motion, determining that Appellant's "filing of the Second Amended Affidavit for

2

Dispossessory perfected the pleading for the assertion of the dispossessory claim against [Appellee], but, as an amended pleading, a responsive pleading by [Appellee] was not mandatory."

On appeal, Appellant's sole enumeration is that the trial court erred by failing to enter a default judgment against Appellee after failing to timely answer Appellant's second amended afidavit. In response, Appellee argues that, because the dispossessory affidavit was an amended pleading, Appellee was not required to file an answer. We agree with Appellee.

OCGA § 44-7-51 (b) requires a tenant to answer a dispossessory affidavit and summons "either orally or in writing within seven days from the date of the actual service[.]" If the tenant fails to file an answer within the statutory prescribed time, "the court shall issue a writ of possession instanter . . . and the plaintiff shall be entitled to a verdict and judgment by default for all rents due as if every item and paragraph of the affidavit provided for in Code Section § 44-7-50 were supported by proper evidence." OCGA § 44-7-53 (a). Appellant argues that the plain language of these statutes required the trial court to enter a default judgment against Appellee when it failed to file a responsive pleading to Appellant's amended action. However, contrary to Appellant's assertion, nothing in OCGA § 44-7-50 et seq., addresses

3

whether a later-added defendant is required to file an answer to an amended affidavit for dispossessory. And, because there is no specific statutory provision within the Dispossessory Code that governs this issue, we apply the relevant sections of the Civil Practice Act. See OCGA § 9-11-81; *Trust Co. Bank of Northwest Ga. v. Shaw*, 182 Ga. App. 165, 166 (1) (355 SE2d 99) (1987) (holding that dispossessory proceedings are governed by the Civil Practice Act absent specific statutory provisions to the contrary); see also *Outfront Media, LLC v. City of Sandy Springs*, 356 Ga. App. 405, 409 (1) (a) (847 SE2d 597) (2020) (noting that plaintiffs are allowed to amend their original dispossessory affidavit under the Civil Practice Act).

Turning to the relevant portion of the Civil Practice Act, OCGA § 9-11-15 (a) provides that "[a] party may plead or move in response to an amended pleading and, when required by an order of the court, shall plead within 15 days after service of the amended pleading, unless the court otherwise orders." Interpreting this code section, "this Court has held that where the trial court, in granting the motion to add defendants, does not require the later-added parties to file an answer, they need not do so." *Moore-Waters v. Met-Test, LLC*, 335 Ga. App. 761, 762 (782 SE2d 848) (2016). See also *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 79 (5) (403 SE2d 840) (1991) (holding that "the Civil Practice Act authorizes the addition of parties,

4

by order of the court, and that an 'amended complaint' effecting such an addition does not require a responsive pleading, unless the trial court orders a reply thereto.") (Emphasis omitted). In other words, unless ordered by a trial court, a later-added party to a dispossessory action is not required to file an answer unless ordered by the trial court to do so.

Appellant argues that the trial court did order responsive pleadings in this case. Specifically, Appellant points to the language in the trial court's August 11, 2022 order wherein the trial court stated, "[i]t is further ordered [Appellee] shall file any answer or responsive pleading to this action within seven (7) days of service of the Summons or Acknowledgment of Service." We disagree that this language required Appellee to file a responsive pleading in this case. See *SiteOne Landscaping Supply, LLC v. Stewart*, 363 Ga. App. 855, 860 (1) (872 SE2d 915) (2022) (trial court's order providing the length of time in which a later-added defendant had to file an answer did not equate to an order mandating the party file a responsive pleading to the amended complaint). However, to the extent the order was ambiguous on this point, the trial court addressed this language in its order denying Appellant's motion to amend and for new trial, explaining that, because the "filing of the Second Amended Affidavit for Dispossessory perfected the pleading for the assertion of the

dispossessory claim . . . as an amended pleading, a responsive pleading by [Appellee] was not mandatory." See *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001) ("[A] trial judge has inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment."). See also See *Turner v. State*, 269 Ga. 392, 393 (497 SE2d 560) (1998) ("A court has wide discretion in interpreting its own orders."). And, because there was no order by the trial court mandating that Appellee file an answer to the amended action, the trial court did not err by refusing to issue a writ of possession instanter based upon the claim that Appellee was in default under OCGA § 44-7-53.

*Judgment affirmed. Rickman, C. J., and Dillard, P. J., concur.*