45113. BODREY v. BODREY, Guardian.

BELL, Chief Judge. This is an appeal from a judgment entered at chambers in a statutory partitioning proceeding ordering a partition by sale of co-owned realty. The appellant is one of the co-owners of the realty and has enumerated as error the signing of the order of sale and appointment of commissioners on May 7, 1969. The record shows that appellee, the guardian of

the other co-owner, gave appellant the 20-day notice of intention to apply to the superior court for the writ of partition as required by *Code* § 85-1506. As this is a special statutory proceeding, the notice of intention is the only process necessary in order to bring the appellant into court to meet the application. *Anderson v. Anderson,* 27 Ga. App. 513 (108 SE 907). See *Code Ann.* § 81A-181. The record shows that no appearance, objection or defensive pleadings were filed by appellant as of May 7, 1969, and that appellant received no notice of a hearing on this date. Thus the question presented is whether the trial court was authorized to proceed with a hearing and to judgment immediately following the filing of the petition without providing any further notice or opportunity for the adverse party to be heard. *Code* § 85-1509 makes provision for the filing of objections by the defendant against whom the application for partition is made. In *Lochrane v. Equitable Loan &c. Co.,* 122 Ga. 433 (50 SE 372) the Supreme Court held that one at interest must be given a "reasonable time" after the filing of the application in which to file objections. Here, appellant was not afforded a reasonable time to file objections to the application. Although the issue decided by the trial judge was one which the court had the right to decide at chambers without a jury *(Gifford v. Courson,* 224 Ga. 840, 841 (165 SE2d 133), and see Art. VI, Sec. IV, Par. VIII of the Georgia Constitution (*Code Ann.* § 2-3908) plus *Code Ann.* §§ 85-1504 and 81A-140(b)), the judge may do so only after reasonable notice of a hearing to those at interest. The notice of intention to apply for partition is not the notice contemplated for a hearing by the constitutional provision, nor does it alone suffice as the allowance of a reasonable time to file objections as required by the holding in *Lochrane,* supra. The trial court erred in entering the order of appointment of commissioners and sale and the judgment is reversed.

*Judgment reversed. Quillian and Whitman, JJ., concur.*
SUBMITTED FEBRUARY 2, 1970—DECIDED JUNE 12, 1970.

*Guy V. Roberts, Jr.,* for appellant.
*Luther U. Bloodworth, T. Coleman Bloodworth, J. Alton Gladin,* for appellee.