## 75934. TANNER v. DAVIS.

(365 SE2d 871)

DEEN, Presiding Judge.

In June 1987 appellee Davis filed a complaint against appellant Howard Tanner and his son Donald, alleging fraudulent conduct on their part which induced him to turn over to them his accounts receivable, amounting to $39,028.53, and in addition to borrow $23,000 from the bank in order to consummate the transaction. The deputy sheriff's return of service for Donald Tanner showed that the son was served on June 9, 1986; but the return of service for the father, appellant here, was ambiguous in that it indicated both that appellant had been personally served on September 9 and that he could not be found after a diligent search (non est). The deputy sheriff responsible for serving both the Tanners subsequently filed an amended return of service, accompanied by an affidavit stating that she had been unable to locate appellant between June and September; that on September

9, 1984, as she was sitting in her office preparing the return, a person identified to her as Howard Tanner had come into the adjacent sheriff's office; that she had tendered the papers to him, but that he had refused to accept them, stating that both he and his attorney had seen the papers; and that she thereupon completed the same return of service form on which she had been working, indicating that service had been perfected.

On December 17, 1986, appellee voluntarily dismissed the action against Donald Tanner and obtained a default judgment against appellant, who had filed no responsive pleadings. Two days later appellant filed a motion to set aside the default judgment on the ground that he had not been served. On January 16, 1987, the deputy sheriff executed the amended return of service, and the trial court subsequently denied the motion to set aside. His motion for reconsideration likewise denied, Tanner has appealed to this court, enumerating as error the denial of his motion to set aside. *Held*:

OCGA § 9-6-35 (a) (8), when read in conjunction with OCGA § 9-11-60 (d), mandates that an appeal from a judgment denying a motion to set aside be brought as a discretionary appeal. Scrutiny of the record of the instant appeal shows that this appeal, although belonging to a category of judgments on which one is required to follow the procedure of applying for a discretionary appeal, was nevertheless brought as a direct appeal, in contravention of OCGA § 9-6-35, supra. This court is without jurisdiction to review this appeal, and it must therefore be dismissed. *In the Interest of J. E. P.*, 168 Ga. App. 30 (308 SE2d 712) (1983), aff'd 252 Ga. 520 (315 SE2d 416) (1984); *Crews v. State*, 175 Ga. App. 300 (333 SE2d 176) (1985).

*Appeal dismissed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 1, 1988.

*C. Jerome Adams*, for appellant.
*T. V. Williams, Jr.*, for appellee.