S98A1443. CLAY v. CLAY et al.

(506 SE2d 866)

HUNSTEIN, Justice.

Appellees applied by petition to the Rabun County Superior Court for a writ of partition regarding several parcels of property in which they held an undivided one-half interest (deeded to them by Lena Coates Clay) with appellant George Clay. Appellees provided timely notice to appellant of their intention to make the application, OCGA § 44-6-162, and the court issued the writ. OCGA § 44-6-163. The first return of the partitioners was set aside by the court for failure to provide eight days' notice of the time of executing the writ. OCGA § 44-6-164. The court, after determining appellant was not entitled to a jury trial for the reasons set forth in OCGA § 44-6-165, conducted a bench trial and made the return of the partitioners the judgment of the court. Finding no reversible error in the nine enumerations asserted by appellant, we affirm.

1. The record reveals that appellant received appellees' notice of intention, which was the only process necessary in order to bring him into court to meet the application for partition. *Bodrey v. Bodrey,* 122 Ga. App. 23, 24 (176 SE2d 234) (1970). The trial court, relying solely on the pleadings, compare id., properly followed OCGA § 44-6-163 in issuing the writ and did not err by finding that appellant received timely notice pursuant to OCGA § 44-6-164 of the partitioners' second execution of the writ. We find no error in the trial court's determination that appellant was not entitled to a jury trial under OCGA § 44-6-165; hence, there was no jury issue to be tried regarding appellant's alleged evidence of fraud in the deeding of the property to appellees. See *Clay v. Clay,* 268 Ga. 40 (2) (485 SE2d 205) (1997).

2. The evidence adduced at the hearing supports the trial court's finding that the property was subject to division by metes and bounds; that all of the property in issue was divided; and that there was no injustice or inequality in the division. As to the exclusion of testimony by appellant about expenses he incurred in maintaining the property, we find no error in the trial court's ruling that the relevant inquiry was not whether appellant had expended the sums but only whether the expenditures were considered by the partitioners when deciding how to divide the property.

3. Appellant can show no harm in the trial court's appointment of the same partitioners for the second return after the first return was set aside for a procedural error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*Whelchel & Dunlap, Thomas S. Bishop,* for appellant.
*McClure, Ramsay & Dickerson, Allan R. Ramsay, James E. Cornwell, Jr.,* for appellees.