## S06A0212. SHIELDS v. GISH.
(629 SE2d 244)

BENHAM, Justice.

This appeal primarily concerns whether a defendant can be in default for failing to file an answer to an amended complaint. It arises from an action which had its inception in a statutory partitioning action Gish filed in which she alleged she and Shields had undivided half-interests in specified property. Gish amended her complaint to add claims for equitable partitioning, appointment of a receiver, pecuniary damages, punitive damages, and attorney fees. A return of service showed service of those pleadings and a summons on Shields. Gish subsequently moved for default judgment and the trial court granted that motion, ordering sale of the property and setting a

---

hearing on damages. Following that hearing, the trial court issued a judgment in favor of Gish for pecuniary damages, litigation expenses, and punitive damages. Shields filed a motion denominated "Motion to Vacate" (actually a motion to set aside pursuant to OCGA § 9-11-60 (d) (3)), contending he had never been properly served and that a default judgment was improper since he was not required to answer the amended complaint absent a court order to do so and the allegations of the amended complaint were deemed denied by operation of law. After the trial court denied the motion to vacate, Shields filed a timely application for discretionary appeal which this Court granted, posing the question, "Whether the trial court erred in determining that Shields was in default for failing to file an answer to the plaintiff's amended complaint."

1. The trial court's holding that Shields was required to answer the amended complaint to avoid a default was based on *Teamsters Local 515 v. Roadbuilders, Inc. &c.*, 249 Ga. 418, 420 (291 SE2d 698) (1982), which held that a defendant already in default of an original complaint will be in default of an amended complaint if the defendant does not answer the amended complaint within 30 days of its filing. However, the holding in *Teamsters* is in conflict with the provisions of OCGA § 9-11-8 (d) ("Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.") and § 9-11-15 (a) ("A party may plead or move in response to an amended pleading and, when required by an order of the court, shall plead within 15 days after service of the amended pleading, unless the court otherwise orders.") and prior appellate court rulings. "No responsive pleadings are required to an amendment. [Cit.] Averments in a pleading to which no responsive pleading is required are considered as denied. [Cit.]" *Grand Lodge of Ga. &c. v. City of Thomasville*, 226 Ga. 4, 9 (4) (172 SE2d 612) (1970). See also *Building Assoc. v. Crider*, 141 Ga. App. 825-826 (1) (234 SE2d 666) (1977): "[OCGA § 9-11-15 (a)] allows a response to an amended pleading but does not require such a response. The effect of . . . failure to respond, since no response was required, was a denial or avoidance of the allegations in the amended pleadings. [OCGA § 9-11-8 (d)]." Because the holding in Division 1 of *Teamsters Local 515 v. Roadbuilders, Inc. &c.*, supra, conflicts with the provisions of the Civil Practice Act and with this Court's holding in *Grand Lodge*, supra, we overrule it and its progeny, e.g., *Wilson Welding Svc. v. Partee*, 234 Ga. App. 619, 620 (507 SE2d 168) (1998).

2. Gish maintains Shields was required to file an answer to the amended complaint because the trial court ordered him to do so. See OCGA § 9-11-15 (a): "A party may plead or move in response to an amended pleading and, *when required by an order of the court, shall plead* within 15 days after service of the amended pleading, . . ."

(emphasis supplied); and *Evans v. Marshall*, 253 Ga. App. 439 (559 SE2d 165) (2002) (a defendant is not required to answer an amended complaint unless ordered to do so by the trial court). Gish contends the summons which the trial court found was served on Shields with the amended complaint constituted an order to answer. However, a summons issued by a clerk of court under OCGA § 9-11-4 is not an order of court for the purpose of requiring an answer to an amended complaint and a defendant is not required to file an answer to an amended complaint unless the trial court itself has affirmatively ordered such answer. *Chan v. W-East Trading Corp.*, 199 Ga. App. 76 (5) (403 SE2d 840) (1991). Since the trial court did not issue an order to answer the amended complaint, Shields was not required to do so and the averments of that pleading were deemed denied. Consequently, the trial court erred in entering a default judgment against Shields.

Gish argues on appeal that even if the entry of a default was error, it is not a basis for setting aside the judgment because the trial court found that the entry of judgment was based in part on the negligence of Shields. However, that finding had reference to OCGA § 9-11-60 (d) (2), which permits a judgment to be set aside on the ground of "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant. . . ." In the present case, the motion to set aside was based on a different ground, that set forth in OCGA § 9-11-60 (d) (3), which permits a judgment to be set aside on the basis of a "nonamendable defect which appears upon the face of the record or pleadings." Where, as here, the record shows on its face that the default was entered on an improper basis, there is a nonamendable defect on the face of the record. *Fulton v. State of Ga.*, 183 Ga. App. 570, 573 (359 SE2d 726) (1987); *Ga. Hwy. Express v. Whaley*, 166 Ga. App. 662 (305 SE2d 411) (1983). Since Shields established the presence of a nonamendable defect on the face of the record, the trial court erred in denying the motion to set aside the default judgment and is directed upon the return of the remittitur to vacate the default judgment and, insofar as liability is concerned, return the case to the status quo ante.

3. Our ruling above obviates the need to address the remainder of Shields's enumerations of error, save one. He contends the trial court lacked authority to appoint a receiver and order a sale of the property because the trial court did not have personal jurisdiction of Shields. The assertion of lack of personal jurisdiction is based on Shields's claim he was never personally served. However, under the statutes governing statutory partitioning, OCGA § 44-6-160 et seq., the notice of intention to seek partitioning is the only process necessary in order to bring a defendant into court to meet the application for partitioning (*Clay v. Clay*, 269 Ga. 902 (1) (506 SE2d 866) (1998)),

and OCGA § 44-6-166.1 (b) specifically provides for a sale of the property in a statutory partitioning action when "a fair and equitable division of the property cannot be made by means of metes and bounds. . . ." Thus, ordering the sale of the property was within the trial court's authority without the need for securing personal jurisdiction over Shields.

With regard to the appointment of a receiver, the trial court found that the amended pleading, in which Gish prayed for the appointment of a receiver, was personally served on Shields. The return of service in the record supports that finding.

> When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. Whether the evidence is sufficient to overcome facts reflected in a return of service is a question to be resolved by the trial court as the factfinder. Those findings will not be disturbed on appellate review when supported by any evidence. [Cit.]

*Campbell v. Coats*, 254 Ga. App. 57, 58 (1) (561 SE2d 195) (2002). When weighing a defendant's affidavit against a return of service, which was the situation in the present case, a trial court is authorized to find the affidavit insufficient to overcome the presumption of correctness of the return of service. *Coe v. Peterson*, 172 Ga. App. 531, 532-533 (323 SE2d 715) (1984). Thus, the trial court had personal jurisdiction of Shields when the receiver was appointed, rendering his argument based on lack of jurisdiction without merit. That being so, the portion of the trial court's order denying Shields' motion to set aside as to the sale of the property and the appointment of a receiver is affirmed.

*Judgment affirmed in part, reversed in part and case remanded with direction. All the Justices concur.*

DECIDED APRIL 25, 2006 —
RECONSIDERATION DENIED MAY 19, 2006.

*Harry W. Krumenauer, Daniel L. Britt, Jr.*, for appellant.
*Angelo T. Merolla*, for appellee.