A07A1527. STUBBS et al. v. PICKLE.
(651 SE2d 171)

ELLINGTON, Judge.

Brandon Pickle sued M. Francis Stubbs ("Stubbs") and Stubbs & Associates Legal Services, P.C. ("SALS") for legal malpractice and other claims. The trial court subsequently entered default judgment against SALS, and we granted SALS's request for interlocutory appeal to challenge that ruling. Stubbs joined in SALS's appeal, arguing that the trial court erred in striking his brief filed in response to Pickle's motion for summary judgment. For reasons that follow, we reverse the entry of default judgment against SALS, but we lack jurisdiction to review the order to strike Stubbs's brief.

1. The record shows that Pickle initially brought suit against Stubbs individually, alleging claims for legal malpractice, breach of contract, fraud, and "conflict of interest." With leave of court, Pickle amended his complaint to add SALS as a defendant. The trial court directed that SALS be served with the complaint and all pleadings, but it did not order SALS to file an answer.

Several months later, the trial court determined that SALS was in default for failing to answer the amended complaint and expressly directed the entry of final judgment against the corporation. We granted SALS's request for interlocutory appeal, noting that the default judgment was, in fact, directly appealable under OCGA §§ 9-11-54 (b) and 5-6-34 (a) (1). See *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 338 (349 SE2d 223) (1986).

On appeal, SALS argues that absent a court order directing it to file responsive pleadings, it was not required to answer Pickle's amended complaint and thus could not be held in default. We agree. An amended complaint adding a new party defendant "does not require a responsive pleading, unless the trial court orders a reply thereto." *Random Access, Inc. v. Atlanta Datacom*, 232 Ga. App. 269, 270 (501 SE2d 610) (1998). The trial court did not order SALS to reply to Pickle's allegations. See *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006) (the trial court "itself [must] affirmatively order[ ] such answer"). Accordingly, SALS was not in default, and, as even Pickle concedes on appeal, the trial court erred in entering judgment against it. See *Random Access*, 232 Ga. App. at 271; *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 79 (5) (403 SE2d 840) (1991).

2. Stubbs enumerates as error the trial court's order striking as untimely his response to Pickle's motion for summary judgment. According to Stubbs, he properly filed a responsive brief 33 days after Pickle filed the motion.

As Pickle argues on appeal, however, we lack jurisdiction to consider this claim of error. We granted SALS's application for appeal on the ground that final judgment had been entered against the corporation. But no final judgment has been entered against Stubbs, who remains a defendant below, and Stubbs has not followed the procedures for appealing the interlocutory ruling on the motion to strike. See OCGA § 5-6-34 (b) (setting forth interlocutory appeal procedures).

In an effort to support his appeal, Stubbs cites OCGA § 5-6-34 (d). That provision permits " 'a party to raise on the appeal of a directly appealable order issues regarding an order that, standing alone, is subject to the [appellate] application requirements.' " *American Car Rentals v. Walden Leasing*, 220 Ga. App. 314, 317 (2) (469 SE2d 431) (1996). In this case, however, SALS — not Stubbs — has a directly appealable order, and Stubbs cannot use SALS's direct appeal to

challenge an interlocutory ruling that involves him individually. See OCGA § 5-6-34 (a) (listing appealable judgments and rulings). Accordingly, we cannot review the order striking Stubbs's response to Pickle's summary judgment motion. See *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994) (appellate court lacks jurisdiction to review an interlocutory order unless appellant follows procedures for and obtains permission to pursue an interlocutory appeal).

*Judgment of default reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 13, 2007.

*Phillips & Kitchings, Richard Phillips,* for appellants.
*Julian H. Toporek,* for appellee.