A08A1291. HINER TRANSPORT, INC. v. JETER.
(667 SE2d 919)

JOHNSON, Presiding Judge.

Hiner Transport, Inc. ("Hiner") appeals from the denial of its motion to set aside a default judgment entered in favor of Jimmie Jeter. For reasons that follow, we reverse.

In March 2003, Jeter sued several defendants for damages he allegedly sustained in a motor vehicle accident. The following year, Jeter moved for leave to file an amended complaint adding additional party defendants, including Hiner. The trial court granted Jeter's motion, and Jeter filed his amended complaint naming Hiner as a defendant on March 5, 2004.

Hiner did not answer the amended complaint. Citing that failure, the trial court entered default judgment against the company as to liability on May 5, 2004. Almost two years later, the trial court

---

scheduled "a final hearing on the issue of damages to be assessed against Defendant Hiner Transport, Inc., which has admitted liability through default." Hiner did not appear for the hearing, and the trial court awarded Jeter $6,000,000 in damages.

Hiner subsequently moved to set aside the judgment. The trial court denied the motion, but issued a certificate of immediate review, and we granted Hiner's application for discretionary appeal.

A motion to set aside a judgment may be brought on several grounds, including when a nonamendable defect appears on the face of the record or pleadings.[1] In cases involving a default judgment, this type of defect arises "[w]here . . . the record shows on its face that the default was entered on an improper basis."[2] Hiner argues that such a defect undermines the final judgment here. We agree.

The record shows that the trial court entered default judgment based on Hiner's failure to answer the amended complaint. A defendant, however, "is not required to file an answer to an amended complaint unless the trial court itself has affirmatively ordered such answer."[3] This is true even if the amendment brings a new defendant into the suit. Absent an order to respond, "[a]n amended complaint adding a new party defendant 'does not require a responsive pleading.' "[4]

The trial court did not order Hiner to answer or respond to the amended complaint. Hiner, therefore, was not required to answer and could not be held in default for failing to do so.[5] As a matter of law, the default judgment — and the resulting damages award — were improper, creating a nonamendable defect on the face of the record.[6] Accordingly, the trial court erred in denying Hiner's motion to set aside.[7]

Trying to avoid this result, Jeter suggests on appeal that Hiner's absence from the damages trial, as well as its failure to participate in other proceedings throughout its two-year involvement in the litigation, also supported the default judgment and damages award. There is no evidence, however, that the trial court entered default on these grounds. On the contrary, it found Hiner in default for not answering the amended complaint.

---

[1] OCGA § 9-11-60 (d) (3).

[2] *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006).

[3] Id.

[4] *Stubbs v. Pickle*, 287 Ga. App. 246, 247 (1) (651 SE2d 171) (2007).

[5] See id.

[6] See id.; *Evans v. Marshall*, 253 Ga. App. 439 (559 SE2d 165) (2002).

[7] See OCGA § 9-11-60 (d) (3); *Shields*, supra at 558 (2); see also *A. A. Professional Bail v. State of Ga.*, 265 Ga. App. 42, 44 (592 SE2d 866) (2004) (trial court abuses its discretion by denying a motion to set aside under OCGA § 9-11-60 (d) (3) where a nonamendable defect appears on the face of the record or pleadings).

Jeter further claims that, given Hiner's negligence and inattention in this matter, it is guilty of laches and should not be allowed to set aside the judgment. But the issue of negligence is immaterial to our analysis. Regardless of whether Hiner was negligent, it "retained the right to seek a motion to set aside under OCGA § 9-11-60 (d) (3) for the existence of a non-amendable defect on the face of the record."[8] A laches defense "has no relevancy to [a case] involving a motion to set aside a judgment upon a legal ground."[9]

We also find no merit in Jeter's waiver arguments. First, he claims that Hiner never raised the nonamendable defect issue below. In connection with its motion to set aside, however, Hiner argued that default was improper because it was not required to answer the amended complaint. Although Hiner did not specifically cite OCGA § 9-11-60 (d) (3) or use the term "nonamendable defect," it sufficiently raised the key issue before the trial court.

Finally, Jeter claims that Hiner's appeal does not challenge the denial of the motion to set aside. We disagree. "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith."[10]

Hiner's enumerated errors do not specifically reference the motion to set aside. Instead, they allege that the trial court improperly entered default judgment. As clearly stated in the notice of appeal, however, Hiner appealed from the trial court's Order on Post-Judgment Motions, through which the court denied the motion to set aside. Although Hiner could have drafted its enumerated errors more carefully, it is apparent, particularly given the notice of appeal, that Hiner seeks to challenge the denial of its motion to set aside.[11]

*Judgment reversed. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 25, 2008.

*Drew, Eckl & Farnham, George W. Brinson, Edwin A. Treese*, for appellant.

---

[8] *Scott v. Scott*, 282 Ga. 36, 36-37 (1) (644 SE2d 842) (2007); see also *Shields*, supra at 558 (2). Compare OCGA § 9-11-60 (d) (2) ("A motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant.").

[9] *Moore v. American Finance System*, 236 Ga. 610, 611 (3) (225 SE2d 17) (1976).

[10] OCGA § 5-6-48 (f).

[11] See id.

*Watkins, Lourie, Roll & Chance, Robert D. Roll*, for appellee.