## A10A0886. NATIONAL CITY MORTGAGE, INC. et al. v. POINT CENTER FINANCIAL, INC. et al.

(703 SE2d 113)

BARNES, Presiding Judge.

National City Mortgage, Inc., Audie Flowers, and Kim Betts appeal the trial court's orders entering judgment by default against Betts, denying Betts's motion to extend the time to file a responsive pleading and to open the default and denying Flowers's motions to set aside the default judgment, to open the default, and to file a responsive pleading. This appeal arises from proceedings initiated when National City Mortgage filed a complaint for declaratory judgment against Point Center Financial, Inc., and 36 other named defendants. Point Center Financial answered and counterclaimed against National City Mortgage, and later moved to add Flowers and Betts as defendants in counterclaim alleging that they were necessary parties. The trial court granted the order, but did not order Flowers and Betts to answer the counterclaim. Point Center Financial obtained a summons from the clerk of court and had them served with the Amended Counterclaims for Declaratory Relief that it filed.

When Flowers and Betts did not answer the counterclaim, Point Center Financial moved to hold them in default, and the trial court granted the motion. The trial court denied Flowers and Betts's motions to open the defaults, and later entered default judgments against them. Later, the trial court refused to set aside the default judgments.

Now, Flowers and Betts argue that the trial court erred by granting a default judgment against them because they were not required to answer an amended complaint. See OCGA § 9-11-12 (a). Flowers and Betts concede, however, that their motions in the trial court failed to present this argument to the trial court until after the default judgment was entered against them and they filed their notice of appeal. Then, in a joint motion Flowers filed an amended motion to set aside the default judgment and Betts filed a motion to set aside the default judgment raising this argument. Because the notice of appeal deprived it of jurisdiction to consider these motions, the trial court properly deferred ruling on the motion pending this appeal.

Although ordinarily we would not grant relief to appellants on grounds not presented to the trial court, see *CPD Plastering v. Miller*, 284 Ga. App. 172, 174 (1) (643 SE2d 392) (2007); *Seeley v. Seeley*, 282 Ga. App. 394, 396-397 (2) (638 SE2d 837) (2006), given the nature of the error asserted and the fact that a motion to set aside the default judgment on this ground is pending in the trial court, in the interest of judicial economy we will consider the error based on this argument.

In this State it is well settled that an amended complaint adding a new party defendant "does not require a responsive pleading, unless the trial court orders a reply thereto." *Random Access v. Atlanta Datacom*, 232 Ga. App. 269, 270 (501 SE2d 610) (1998); OCGA § 9-11-15 (a): "A party may plead or move in response to an amended pleading and, when required by an order of the court, shall plead within 15 days after service of the amended pleading, unless the court otherwise orders." Indeed, a *"cross-claim or counterclaim shall not require an answer, unless one is required by order of the court, and shall automatically stand denied."* (Emphasis supplied.) OCGA § 9-11-12 (a). This is consistent with the statement in OCGA § 9-11-8 (d) that "[a]verments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." The fact that Flowers and Betts were served with a summons and the amended complaint does not alter that rule. The trial court must affirmatively order the new defendants to answer before one is required. *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006). Accordingly, as Flowers and Betts were never required to file answers to the amended complaint, they were never in default and the trial court erred by entering default judgments against them. *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 79 (5) (403 SE2d 840) (1991).

*Judgment reversed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 29, 2010.

*Beloin, Brown, Blum & Baer, Elizabeth T. Baer*, for appellants. *Diment & Carroll, Price H. Carroll*, for appellees.