**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 6, 2022**

# In the Court of Appeals of Georgia

A22A0591. SITEONE LANDSCAPING SUPPLY, LLC v. STEWART.

DILLARD, Presiding Judge.

SiteOne Landscaping Supply, LLC appeals the trial court's denial of its motion to set aside a default judgment, which awarded damages to Larry Stewart in his negligence action against it. In doing so, SiteOne argues the trial court erred by (1) entering a default judgment against it based on its failure to file an answer to Stewart's amended complaint when it was not statutorily required or ordered to do so; (2) failing to consider whether Stewart's complaint asserted a viable claim against it; and (3) failing to give it notice of the default judgment. For the reasons set forth *infra*, we reverse.

In September 2018, Stewart filed a negligence complaint against several defendants arising from injuries he sustained in a car accident, in which he collided with a tractor trailer. Specifically, Stewart sued the driver of the tractor trailer, her employer, and her employer's insurance company. Discovery ensued, and at some point, the trial court granted a consent motion to add SiteOne as a defendant.[1] In doing so, the court ordered Stewart to (1) file an amended complaint that identified his specific claims against SiteOne, and (2) serve that amended complaint on SiteOne. The order also advised SiteOne that it had 30 days from the date of service to file an answer to the amended complaint.

On February 6, 2019, Stewart filed an amended complaint, asserting a negligence claim against SiteOne, as well as an affidavit of service, indicating that he served SiteOne with the amended complaint on February 7, 2019, by leaving a copy with a registered agent for the company.[2] The summons attached to the affidavit

---

[1] For context, SiteOne's only apparent connection to the accident is that, when it occurred, the tractor trailer was en route to deliver sod to a SiteOne facility. The consent motion contended SiteOne might bear some responsibility for the collision due to the circumstances under which it required truck drivers to make deliveries. But whether SiteOne was properly added as a party below is not at issue in this appeal.

[2] Although SiteOne describes certain technical issues it had in transferring the complaint to the third-party administrator responsible for handling its legal matters, it does not dispute that Stewart properly served its registered agent with the amended

warned SiteOne that a failure to file an answer to the complaint within 30 days would result in a default judgment against it.

On March 27, 2019, Stewart filed a motion for default judgment against SiteOne, asserting that it failed to file an answer to the amended complaint and the time for seeking to open the default had expired. SiteOne did not respond to this motion, and following a hearing to determine the amount of damages, the trial court entered a default judgment against SiteOne for $800,000.[3] Approximately two months later, SiteOne filed a motion to set aside or vacate the default judgment, arguing that (1) it was not required to answer the amended complaint; (2) the trial court lacked personal jurisdiction over it; (3) the trial court failed to notify it of the damages hearing; (4) Stewart does not have a viable claim against it; and (5) the trial court failed to notify it of the default judgment. Ultimately, after considering arguments from both parties, the record, and the relevant law, the trial court denied SiteOne's motion to set aside the default judgment. This appeal follows.

---

complaint. Instead, as discussed *infra*, SiteOne argues that, despite being served with the amended complaint, it was not legally required to file an answer to it.

[3] The transcript of the hearing on damages is not included in the record, but the amount of damages awarded to Stewart in the default judgment is not at issue on appeal.

We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for "abuse of discretion."[4] But we review a question of law *de novo*, "during which we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[5] With these guiding principles in mind, we turn to SiteOne's specific claims of error.

1. As an initial matter, we must address Stewart's motion to dismiss this appeal.[6] Specifically, Stewart contends this Court lacks jurisdiction over SiteOne's appeal because the arguments in SiteOne's brief are foreclosed by binding precedent of this Court.[7] But a contention that an appellant will—or is likely to—lose an appeal does not implicate our jurisdiction to consider and decide that appeal, and Stewart has

---

[4] *Stamey v. Policemen's Pension Fund Bd. of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011) (punctuation omitted); *see Principal Lien Servs., LLC v. Nah Corp.*, 346 Ga. App. 277, 278 (814 SE2d 4) (2018) ("Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment." (punctuation omitted)).

[5] *Principal Lien Servs.*, 346 Ga. App. at 278 (punctuation omitted); *accord Cosby v. Lewis*, 308 Ga. App. 668, 670 (1) (708 SE2d 585) (2011).

[6] All references to Stewart's motion are to his amended motion to dismiss this appeal.

[7] Stewart alleges in his motion that the sole issue on appeal is whether the default judgment must be set aside due to the trial court's failure to notify SiteOne of the judgment, and he contends we have already ruled that no such notice is required.

4

cited no legal authority remotely suggesting otherwise. Indeed, we regularly rely upon established, binding precedent in deciding appeals adversely to a party. Simply put, the merits of SiteOne's appeal are irrelevant as to whether we have *jurisdiction* to entertain it. That said, Georgia's appellate courts are certainly at liberty to exercise their discretion and impose sanctions against an appellant who pursues a frivolous appeal.[8]

---

[8] *See Warnock v. Davis*, 267 Ga. 336, 336 (2) (478 SE2d 124) (1996) (exercising jurisdiction to consider an appeal from an opinion of this Court, and addressing whether we erred by imposing sanctions on an appellant for filing a frivolous appeal); *Murphy v. Freeman*, 337 Ga. App. 221, 227 (2) (787 SE2d 755) (2016) (explaining that, under the rules of this Court, "we may impose a penalty in cases where the appellant could have no reasonable basis upon which to anticipate that this Court would reverse the trial court's judgment" (punctuation omitted)); *McClain v. George*, 267 Ga. App. 851, 854 (2) (600 SE2d 837) (2004) (exercising our jurisdiction over an appeal that was ultimately deemed to be spurious in nature and imposing sanctions against the appellant for pursuing such a frivolous appeal); *Shamsai v. Coordinated Prop., Inc.*, 259 Ga. App. 438, 439 (2) (576 SE2d 901) (2003) (exercising jurisdiction over an appeal this Court deemed frivolous and imposing sanctions on the appellant for that reason); CT. APP. R. 7 (e) (2) ("The panel of the Court ruling on a case, with or without motion, may by majority vote to impose a penalty not to exceed $2,500 against any party and/or a party's counsel in any civil case in which there is a *direct appeal*, application for discretionary appeal, application for interlocutory appeal, or motion that is *determined to be frivolous*." (emphasis supplied)). In several of the cases cited *supra*, this Court imposed frivolous-appeal sanctions under former Court of Appeals Rule 15 (b), rather than Rule 7 (e) (2), which applies in this case. Regardless, both rules provide that a penalty may be imposed upon the appellant when an appeal is frivolous. *See Murphy*, 337 Ga. App. at 227 (2) (noting that sanctions may be imposed under former Court of Appeals Rule 15 when an appellant's arguments are frivolous). To date, Stewart has not filed

Additionally, Stewart argues this Court lacks jurisdiction over SiteOne's appeal because an order denying a motion to set aside a judgment is not directly appealable, and SiteOne failed to follow our discretionary-appeal procedures. We agree that, as a general matter, appeals from the denial of a motion to set aside a judgment are discretionary. Indeed, OCGA § 5-6-35 lists the types of appeals that are subject to this Court's discretionary-appeal procedures, including "[a]ppeals from orders under subsection (d) of Code Section 9-11-60 *denying a motion to set aside a judgment . . . .*"[9] Nevertheless, we have also held that "motions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions

a motion with this Court requesting that we sanction SiteOne for pursuing a frivolous appeal.

[9] OCGA § 5-6-35 (a) (8) (emphasis supplied); *see* OCGA § 5-6-35 (b) ("All appeals taken in cases specified in subsection (a) of this Code section *shall be by application* in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction. The application shall specify the order or judgment being appealed and, if the order or judgment is interlocutory, the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review." (emphasis supplied)); *Lewis v. Sun Mgmt., Inc.*, 187 Ga. App. 591, 592 (370 SE2d 840) (1988) (holding this Court lacked jurisdiction to consider a direct appeal from the trial court's denial of appellant's motion to set aside the judgment and noting the appellant's application for a discretionary appeal had been denied); *Tanner v. Davis*, 185 Ga. App. 711, 711 (365 SE2d 871) (1988) ("OCGA § 5-6-35 (a) (8), when read in conjunction with OCGA § 9-11-60 (d), mandates that an appeal from a judgment denying a motion to set aside be brought as a discretionary appeal.").

6

to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal."[10] Here, it is undisputed that—in its motion to set aside the default judgment—SiteOne expressly argued, *inter alia*, the judgment should be set aside because the trial court violated OCGA § 15-6-21 (c) by failing to notify it that the default judgment had been entered. Indeed, in his motion to dismiss, Stewart acknowledges that SiteOne presented a lack-of-notice argument below. But once again, he contends we are deprived of jurisdiction simply because, in his view, SiteOne's appeal lacks merit. We have already considered and rejected this argument.

---

[10] *Syed v. Merch.'s Square Off. Blgs., LLC*, 354 Ga. App. 365, 365 n.1 (841 SE2d 8) (2020) (punctuation omitted); *accord Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 614 (1) (545 SE2d 34) (2001); *see Leventhal v. Moseley*, 264 Ga. 891, 891 (453 SE2d 455) (1995) (holding that "orders entered upon motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) do not require applications to appeal[,] and thus, appellants were entitled to a direct appeal of the trial court's denial of their motion to set aside a judgment when their motion was predicated on the court's failure to notify them of its decision adverse to them"); *Downs v. C. D. C. Fed. Credit. Union*, 224 Ga. App. 869, 869 (1) (481 SE2d 903) (1997) ("Motions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal."); OCGA § 9-11-60 (g) ("Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.").

Moreover, SiteOne's appeal is not frivolous because, as explained *infra*, it prevails in this appeal. For all these reasons, we deny Stewart's motion to dismiss this appeal.

2. Turning to SiteOne's substantive arguments, it first contends the trial court erred by entering a default judgment against it based on its failure to file an answer to the amended complaint because it was not required to do so by statute or court order. We agree.

Our analysis begins with the plain language of OCGA § 9-11-15 (a), which provides, in relevant part, that "[a] party *may* plead or move in response to an *amended* pleading and, when *required by an order of the court*, *shall* plead within 15 days after service of the amended pleading, unless the court otherwise orders."[11] In this regard, our Supreme Court has explained that "OCGA § 9-11-15 (a) allows a response to an amended pleading but does not require such a response[,] [and] . . . [t]he effect of [a] failure to respond, . . .[when] no response [is] required, [is] a denial or avoidance of the allegations in the amended pleadings . . . ."[12] And this rule still

---

[11] (Emphasis supplied).

[12] *Shields v. Gish,* 280 Ga. 556, 557 (1) (629 SE2d 244) (2006) (punctuation omitted); *see Nat'l City Mortg., Inc. v. Point Ctr. Fin., Inc.*, 306 Ga. App. 655, 656 (703 SE2d 113) (2010) ("[A]verments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided" (punctuation omitted)); OCGA § 9-11-8 (d) (same).

applies even when, as here, the amended pleading adds a new party defendant.[13]

Nevertheless, OCGA § 9-11-15 (a) also expressly provides an exception to this

general rule when "*required by an order of the court.*"[14]

---

[13] *See Nw. Ga. Contracting, LLC v. St. Germain*, 350 Ga. App. 568, 569 (1) (829 SE2d 814) (2019) (noting the rule that "a responsive pleading to an amended complaint need not be filed unless such a pleading is required by statute or court order" also applies "when a party is added by amendment to an existing suit" (punctuation omitted)); *Nat'l City Mortg*., 306 Ga. App. at 656 ("In this State it is well settled that an amended complaint adding a new party defendant does not require a responsive pleading, unless the trial court orders a reply thereto."); *Hiner Transp., Inc. v. Jeter*, 293 Ga. App. 704, 705 (667 SE2d 919) (2008) ("A defendant . . . is not required to file an answer to an amended complaint unless the trial court itself has affirmatively ordered such answer. This is true even if the amendment brings a new defendant into the suit. Absent an order to respond, an amended complaint adding a new party defendant does not require a responsive pleading." (punctuation & footnote omitted)); *Stubbs v. Pickle*, 287 Ga. App. 246, 247 (1) (651 SE2d 171) (2007) (holding that a corporate entity was not required to respond to an amended complaint, which added it as a defendant, because the trial court did not order the company to do so).

[14] (Emphasis supplied); *see GeorgiaCarry.Org, Inc. v. Code Revision Comm'n*, 299 Ga. 896, 899 (1) (793 SE.2d 35) (2016) ("A responsive pleading to an amended complaint need not be filed unless such a pleading is required by statute *or court order*." (emphasis supplied)); *Moore-Waters v. Met-Test, LLC*, 335 Ga. App. 761, 762 (782 SE2d 848) (2016) ("OCGA § 9-11-15 (a), on its face, only requires an answer to an amended complaint when ordered by the trial court."); *Stubbs*, 287 Ga. App. at 247 (1) (holding that trial court erred in entering a default judgment against defendant based on his failure to file an answer to an amended one when the court did not order him to do so); *Random Access, Inc. v. Atlanta Datacom, Inc*., 232 Ga. App. 269, 270 (501 SE2d 610) (1998) (explaining that the Civil Practice Act authorizes the addition of parties, by order of the court, and that an 'amended complaint' effecting such an addition *does not require* a responsive pleading "unless one is *specifically required*

9

Here, in its order granting Stewart's motion to add SiteOne as a party defendant, the trial court ordered Stewart to file an amended complaint identifying his claims against SiteOne and then to serve it on SiteOne. The order went on to provide, "SiteOne will then *have 30 days* from the date of service to answer the amended complaint"[15] Thus, unlike the court's mandate that Stewart file an amended complaint, the trial court did *not* order SiteOne to do anything. Instead, the trial court merely provided the *length of time* SiteOne had to answer the amended complaint if it chose to do so. In sum, without any order from the trial court *requiring* SiteOne to file an answer to the amended complaint, it did not have to do so; and as a result, the trial court erred in denying SiteOne's motion to set aside the default judgment on that

_____

by the order of the court adding a party" (emphasis supplied)); *Chan v. W-E. Trading Corp.*, 199 Ga. App. 76, 79 (5) (403 SE2d 840) (1991) ("[A]ppellant was not required to file an answer to the second amended complaint at the time he was found to be in default, as the *trial court* itself, had not *affirmatively* ordered such answer.").

[15] (Emphasis supplied).

10

basis.[16] Under such circumstances, we reverse the trial court's order denying

SiteOne's motion to set aside the default judgment.[17]

2. Because the trial court order at issue is being reversed, we need not address

SiteOne's remaining arguments.

---

[16] *See supra* notes 13-14; *infra* note 17. Stewart contends the trial court's order adding SiteOne as a defendant "required it to file an answer because 'will' means 'shall' and is mandatory." We find this argument unpersuasive. The statute on which the trial court's order is based—OCGA § 9-11-15 (a)—explicitly provides that, as a general matter, a party "may"—but is *not* required to—respond to an amended pleading. It is only when a court *requires* a party to respond to an amended pleading, that such a response becomes mandatory. And here, the trial court's order does no such thing. It ordered *Stewart* to file an amended complaint identifying his claims against SiteOne ("Plaintiff *shall* file an amended complaint . . . ." (emphasis supplied)), and then went on to provide that "SiteOne will then *have 30 days* from the date of service to answer the amended complaint." In sum, both the plain language and context of the trial court's order make clear that SiteOne was not "required" to file a response to Stewart's amended complaint within the meaning of OCGA § 9-11-15 (a).

[17] *See Moore-Waters*, 335 Ga. App. at 762 (reversing the trial court's denial of a motion to set aside a default judgment when the appellants were not required to file an answer to the amended complaint, they were never in default for failing to do so, and as a result, the default judgment was void); *Nat'l City Mortg*., 306 Ga. App. at 656 (reversing the trial court's denial of defendants' motion to set aside a default judgment when the court never affirmatively ordered them to file an answer to an amended complaint, and they were never in default for failing to do so); *Hiner Transp., Inc*., 293 Ga. App. at 705 (reversing a trial court's denial of a motion to set aside a default judgment when it was denied on the basis that the defendant did not file an answer to an amended complaint because, absent a trial court ordering it to do so, no such responsive pleading was required).

11

For all these reasons, we reverse the trial court's order denying SiteOne's motion to set aside the default judgment against it.

*Judgment reversed. Mercier and Markle, JJ., concur*.