**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 11, 2022**

# In the Court of Appeals of Georgia

A22A0793. WELLS FARGO BANK, NA v. AMERICAN BUILDERS AND CONTRACTORS SUPPLY CO., INC. d/b/a ABC SUPPLY CO., INC.

LAND, Judge.

In this garnishment action, Wells Fargo Bank, N.A. appeals the denial of its motion to set aside a default judgment. Specifically, Wells Fargo argues that because the Civil Practice Act ("CPA") does not require answers to amended pleadings absent a court order and because garnishment proceedings are governed by the CPA, Wells Fargo was not required to file an answer to an amended garnishment summons and the default judgment was in error. We agree and reverse.

"Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment." (Citation and punctuation omitted.) *Jacques v. Murray*, 290 Ga. App. 334, 335 (1) (659 SE2d 643) (2008). However, the standard of review

for a question of law on appeal is de novo, "during which we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Punctuation and footnote omitted.) *Cosby v. Lewis*, 308 Ga. App. 668, 679 (1) (708 SE2d 585) (2011).

The relevant facts are not in dispute. The record shows that, in August 2020, American Builders and Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. ("ABC") instituted a garnishment action by filing an affidavit of garnishment and summons of garnishment, naming Brown Rooftops, LLC, as the defendant, and Wells Fargo as the garnishee. ABC sought recovery of $87,030.69, which included the amount of a judgment it obtained against Brown Rooftops and court costs. Wells Fargo timely filed an answer showing that it had $221.30 in its possession that belonged to the defendant and submitted that amount to the court. ABC sought disbursement of the funds.

ABC then filed an additional summons of garnishment and an amended affidavit of garnishment against the same parties, listing a revised claim amount of $87,529.21. The court did not issue an order requiring that Wells Fargo file another answer, and Wells Fargo did not file an answer to the additional summons or to the amended affidavit. ABC then filed a motion seeking the entry of a default judgment

2

against Wells Fargo due to Wells Fargo's failure to answer the second summons of garnishment. The trial court granted ABC's motion and entered a default judgment in the amount of $87,529.21 against Wells Fargo. Wells Fargo was served with the judgment, and ABC later requested the trial court issue a writ of fieri facias.

Wells Fargo filed a motion to set aside the default judgment, arguing that it was not required to answer the amended pleading absent a court order requiring it to do so and that in light of this nonamendable defect, the court was required to set aside the default judgment. After a hearing, the trial court denied Wells Fargo's motion, finding that Wells Fargo had failed to file an answer to the additional summons and that Wells Fargo had failed to move to modify the default judgment after it was properly served. Wells Fargo's application for discretionary appeal was granted.

In its sole enumeration of error, Wells Fargo argues that the trial court erred by entering a default judgment and denying its motion to set it aside. Specifically, Wells Fargo argues that because garnishment proceedings are governed by the CPA, which does not require answers to amended pleadings absent a court order, Wells Fargo's failure to file an amended answer did not put it in default. We agree.

OCGA § 9-11-60 (d) (3) permits a judgment to be set aside based upon a "nonamendable defect which appears upon the face of the record or pleadings." "In

3

cases involving a default judgment, this type of defect arises where the record shows on its face that the default was entered on an improper basis." (Punctuation and footnote omitted.) *Hiner Transp., Inc. v. Jeter*, 293 Ga. App. 704, 705 (667 SE2d 919) (2008). Wells Fargo argues that the trial court should have granted its motion to set aside the default judgment pursuant to OCGA § 9-11-60 (d) (3) because the record shows on its face that there was a nonamendable defect.

"The fundamental rules of statutory construction . . . require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature." (Citation omitted.) *Truist Bank v. Stark*, 359 Ga. App. 116, 118 (1) (854 SE2d 784) (2021). Georgia's garnishment statutes "are in derogation of the common law and, thus, must be strictly construed." (Punctuation and footnote omitted.) *Principal Lien Servs., LLC v. Nah Corp.*, 346 Ga. App. 277, 279 (1) (814 SE2d 4) (2018). Unless otherwise provided by the garnishment statute, OCGA § 18-4-1 et seq., garnishment proceedings are governed by the pleading and practice provisions of the CPA. OCGA § 18-4-2; see also *TBF Fin., LLC v. Houston*, 298 Ga. App. 657, 658 (680 SE2d 662) (2009).

4

"The affidavit filed in a garnishment action is a pleading and can be amended as provided under both the Civil Practice Act and [OCGA § 18-4-3,] which provide[] for amendment at any time before judgment is entered thereon." *Horizon Credit Corp. v. Lanier Bank & Tr. Co.*, 220 Ga. App. 362, 363 (1) (469 SE2d 452) (1996). See also *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 144 (2) (622 SE2d 374) (2005) (under the CPA, appellees waived claim for interest accruing on underlying consent judgment where they failed to amend their garnishment affidavit and put garnishee on notice of their claim).

Under the CPA, "[a] party *may* plead or move in response to an amended pleading and, *when required by an order of the court,* shall plead within 15 days after service of the amended pleading, unless the court otherwise orders." OCGA § 9-11-15 (a) (emphasis supplied). "A summons issued by the clerk of court . . . is not an order of court for the purpose of requiring an answer to an amended complaint[.]" *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006). Thus, the CPA requires an answer to an amended pleading only when affirmatively ordered by the trial court, see *SiteOne Landscaping Supply, LLC v. Stewart*, 363 Ga. App. 855, 859 n.13 (2) (872 SE2d 915) (2022) (collecting cases), and the effect of a failure to respond when no response is required is a denial or avoidance of the allegations in the amended

5

pleading. Id. at 860 (2). The garnishment statute is silent as to whether an amended answer is required when an amended affidavit or summons is filed, see OCGA § 18-4-2 (d), and the summons in a garnishment action is issued by the clerk of court and is therefore not an order of the court, see OCGA § 18-4-3 (b); *Shields*, 280 Ga. at 558 (2). Thus, "we cannot here construe [the statute] as expressly prescribing a procedure contrary to the default provisions of [the CPA]." See *Ford v. State*, 271 Ga. 162, 162 (516 SE2d 778) (1999) (because forfeiture statute is silent regarding relief from judgments entered after default, default procedures under the CPA are applicable).

Here, it is undisputed that although Wells Fargo did file a timely answer to ABC's original affidavit of garnishment, it did not file an answer to the amended affidavit of garnishment. Because ABC's amended affidavit of garnishment is a pleading under the CPA, and there was no court order requiring Wells Fargo to answer ABC's amended garnishment affidavit, Wells Fargo was not required to file an answer, and "it follows that they were never in default and the default judgment was void." *Moore-Waters v. Met-Test, LLC*, 335 Ga. App. 761, 762 (782 SE2d 848) (2016). See also *Nat'l City Mtg., Inc. v. Point Ctr. Financial, Inc.*, 306 Ga. App. 655, 656 (703 SE2d 113) (2010) (reversing the trial court's denial of defendants' motion to set aside a default judgment entered after they failed to answer amended complaint;

6

the trial court never affirmatively ordered them to file an answer to an amended complaint, and they were never in default for failing to do so); *Hiner Transp., Inc.,* 293 Ga. App. at 705 (reversing a trial court's denial of a motion to set aside a default judgment when it was denied on the basis that the defendant did not file an answer to an amended complaint because, absent a trial court ordering it to do so, no such responsive pleading was required). The trial court therefore erred in denying Wells Fargo's motion to set aside the default judgment. For all these reasons, we reverse the trial court's order denying Wells Fargo's motion to set aside the default judgment. See OCGA § 9-11-60 (a) (3).

*Judgment reversed. McFadden, P. J., and Gobeil, J., concur*.